THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHA LINEHAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LANE PEDERSON, an individual, and COGNITIVE AND BEHAVIORAL SPECIALTIES d/b/a DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATION, a Minnesota non-profit corporation, <br><br> Defendants. | No. 2:17-cv-01494 RSL <br><br><br><br> **ANSWER AND COUNTERCLAIM** <br><br> **JURY TRIAL REQUESTED** |

        Defendants, Lane Pederson ("Dr. Pederson") and Cognitive and Behavioral Specialties, doing business as Dialectical Behavior Therapy National Certification and Accreditation Association ("CBS") (collectively, "Defendants"), for their Answer to the Complaint, deny each and every allegation of the Complaint, except as specifically admitted, qualified, or affirmatively alleged herein, and state as follows:

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

**PARTIES**

1.      Defendants deny the allegations of paragraph 1 for lack of information and belief.

2.      Defendants admit the allegations of paragraph 2.

3.      Defendants admit the allegations of paragraph 3.

4.      As for paragraph 4, Defendants admit that the Complaint refers to Dr. Pederson and CBS as "Defendants."

**JURISDICTION AND VENUE**

5.      The allegations of paragraph 5 state a legal conclusion to which no answer is required. If an answer is required, Defendants admit that, by this action, Plaintiff purports to invoke the Court's subject matter jurisdiction pursuant to the statutes cited therein.

6.      Defendants deny the allegations of paragraph 6.

7.      Defendants deny the allegations of paragraph 7.

**FACTS**

A.      Defendants deny the allegations of paragraph A for lack of information and belief.

8.      Defendants deny the allegations of paragraph 8 for lack of information and belief.

9.      Defendants deny the allegations of paragraph 9.

10.      Defendants deny the allegations of paragraph 10 for lack of information and belief.

11.      Defendants deny the allegations of paragraph 11 for lack of information and belief.

B.      Defendants deny the allegations of paragraph B.

12.      As to paragraph 12, Defendants admit that Plaintiff filed a federal trademark application, Serial No. 85,161,464 and that in 2012 the U.S. Patent & Trademark Office ("USPTO") granted U.S. Registration No. 4,204,315. Defendants deny the remaining allegations of paragraph 12 for lack of information and belief.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

13.     As to paragraph 13, Defendants admit that Plaintiff filed a trademark application, Serial No. 86,539,349. Defendants deny the remaining allegations of paragraph 13 for lack of information and belief.

14.     Defendants deny the allegations of paragraph 14.

C.     Defendants deny the allegations of paragraph C.

15.     As for paragraph 15, Defendants admit that, since 2012, Dr. Pederson has written at least three books on dialectical behavior therapy, commonly known by the associated acronym DBT; that Dr. Pederson is a well-known, well-respected authority on dialectical behavior therapy (DBT); and that he offers consultation and training on DBT through Lane Pederson & Associates, LLC, and other business interests. Defendants deny the remaining allegations of paragraph 15.

16.     As for paragraph 16, Defendants admit that Dr. Pederson formed CBS in 2010 as the first active program to certify dialectical behavior therapy (DBT) providers and accredit DBT programs. In further answer, Defendants admit that CBS is the owner of the registered trademarks **DBTNCAA** (word mark), as shown on Registration No. 4,099,711, and **DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATION** (design mark), as shown on Registration No. 4,214,437. Defendants deny that the logo infringes upon any trademark rights of Plaintiff and deny the remaining allegations of paragraph 16.

17.      As for paragraph 17, Defendants admit that CBS filed the cited trademark applications and state that the applications speak for themselves. Defendants deny that the logo infringes upon any trademark rights of Plaintiff and deny the remaining allegations of paragraph 17.

18.     As for paragraph 18, Defendants state that the applications speak for themselves, and no further answer is required.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

19.     As for paragraph 19, Defendants admit that, on September 10, 2010, the USPTO issued an Office Action, which stated that CBS "must disclaim the descriptive wording 'dialectical behavior therapy' and 'national certification and accreditation association' apart from the [design] mark as shown because it merely describes the services provided by [CBS] and describes [CBS] as an organization as well.   *See* 15 U.S.C. §1056(a); TMEP §§1213, 1213.03(a)." The disclaimer of the words "dialectical behavior therapy" was stated on the record without argument. Defendants deny that the logo infringes upon any trademark rights of Plaintiff and deny the remaining allegations of paragraph 19.

20.     As for paragraph 20, Defendants admit that the USPTO issued registrations for the logo and the DBTNCAA mark in 2012.  Defendants deny that the logo infringes upon any trademark rights of Plaintiff. In addition, Registration Nos. 4,099,711 and 4,214,437 speak for themselves, and no further answer is required.

21.     As to paragraph 21, Defendants deny that the logo infringes upon any trademark rights of Plaintiff. Defendants admit the remaining allegations of paragraph 21. In further answer, Dr. Pederson's interests include Opposers/Petitioners Lane Pederson & Associates, LLC, and Mental Health Systems, P.C., and that Dr. Pederson has other business interests.

22.     Defendants deny the allegations of paragraph 22.

23.     As to paragraph 23, Defendants admit that, as an author, speaker, and in training other dialectical behavior therapy (DBT) practitioners, Dr. Pederson refers to dialectical behavior therapy by its commonly known associated acronym DBT. In further answer, Dr. Pederson admits that he has used Plaintiff's name solely to acknowledge her contribution to the development of DBT to treat patients with a high risk of suicide and to disclaim any association with Plaintiff or her affiliates. Defendants deny that Dr. Pederson consistently uses Dr. Linehan's name.

24.     Defendants deny the allegations of paragraph 24. In further answer, in July 2017, Evergreen Certifications, Inc., a Wisconsin corporation, acquired substantially all of the assets of

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

CBS, excluding CBS's trademarks **DBTNCAA** and **DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATION**, under terms that prohibit CBS from competing with Evergreen's certification business. After a short period of transition, CBA ceased issuing certifications or accreditations relating to dialectical behavior therapy (DBT).

25.     As for the allegations of paragraph 25, Defendants admit that Plaintiff contributed to the development of dialectical behavior therapy (DBT) to treat patients with a high risk of suicide. In further answer, Defendants state that the cited book speaks for itself. Defendants deny the remaining allegations of paragraph 25.

26.     Defendants deny the allegations of paragraph 26.  With respect to the brochures alleged therein, Defendants affirmatively allege that Dr. Pederson authored only his biography and the program description, learning objectives and program outline contained therein, which do not feature or refer to Plaintiff.  Defendants did not author or prepare any other portions of said brochures and did not distribute or disseminate them.

27.     Defendants deny the allegations of paragraph 27.  With respect to the brochures alleged therein, Defendants affirmatively allege that Dr. Pederson authored only his biography and the program description, learning objectives and program outline contained therein, which do not feature or refer to Plaintiff.  Defendants did not author or prepare any other portions of said brochures and did not distribute or disseminate them.

28.     Defendants deny the allegations of paragraph 28.  With respect to the brochures alleged therein, Defendants affirmatively allege that Dr. Pederson authored only his biography and the program description, learning objectives and program outline contained therein, which do not feature or refer to Plaintiff.  Defendants did not author or prepare any other portions of said brochures and did not distribute or disseminate them.

29.     Defendants deny the allegations of paragraph 29.  With respect to the brochures alleged therein, Defendants affirmatively allege that Dr. Pederson authored only his biography

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –5

137712602.1

and the program description, learning objectives and program outline contained therein, which do not feature or refer to Plaintiff.  Defendants did not author or prepare any other portions of said brochures and did not distribute or disseminate them.

## FIRST CAUSE OF ACTION

### Trademark Infringement and False Designation of Origin

### Pursuant to 15 U.S.C. § 1125(a)

30.     Defendants repeat and reallege the preceding answers to the Complaint and incorporate the same by reference herein.

31.     Defendants deny the allegations of paragraph 31. In further answer, Defendants deny that Plaintiff has any trademark rights in the terms "dialectical behavior therapy" and "DBT."

32.     As for paragraph 32, Defendants admit that Dr. Pederson has provided and continues to provide training, educational, and therapy services and products using the terms "dialectical behavior therapy" and its commonly used associated acronym "DBT." CBS admits that it has used its registered trademarks **DBTNCAA** and **DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATIONS.** In further answer, Defendants deny that the logo infringed upon any trademark rights of Plaintiff and deny the remaining allegations of paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants deny the allegations of paragraph 35.

## SECOND CAUSE OF ACTION

### False Endorsement Pursuant to 15 U.S.C. § 1125(a)

36.     Defendants repeat and reallege the preceding answers to the Complaint and incorporate the same by reference herein.

37.     Defendants deny the allegations of paragraph 37.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

38.     Defendants deny the allegations of paragraph 38. In further answer, Defendants routinely disclaim any association with Plaintiff or her goods and services. At all times relevant, CBS's website contained the following disclaimer:   "DBTNCAA is not associated with Dr. Linehan, her training company, or her other affiliations."

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

## THIRD CAUSE OF ACTION

### Violation of Washington Consumer Protection Act, RCW 19.86.020. et seq.

42.     Defendants repeat and reallege the preceding answers to the Complaint and incorporate the same by reference herein.

43.     Defendants deny the allegations of paragraph 43.

44.      Defendants deny the allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

## OTHER DEFENSES

46.     The Complaint fails to state a claim upon which relief can be granted.

47.     Plaintiff lacks standing to seek relief based on the claims alleged in the Complaint.

48.     Plaintiff's claims are barred by the doctrine of fair use.

49.     Plaintiff's claims are barred by public policy.

50.     Plaintiff's alleged trademarks **DBT** and **DIALECTICAL BEHAVIOR THERAPY** (collectively, the "Marks") are or have become generic. A generic mark cannot be registered under any circumstances.

51.     If the Marks are not adjudicated to be generic, the marks are merely descriptive of the services and are incapable of acquiring any secondary meaning, as Plaintiff cannot show substantial exclusivity of use.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

52.     If Plaintiff ever had any rights in the Marks, she abandoned those rights by failing to use the terms "dialectical behavior therapy" and "DBT" as trademarks or service marks, by failing to police use of the Marks by third parties to prevent the erosion of distinctiveness, and by failing to control the quality of goods and services offered by other persons under the terms "dialectical behavior therapy" or "DBT."

53.     There is no likelihood of confusion between the Marks and Defendants' use of the terms "dialectical behavior therapy" and its commonly used associated acronym "DBT" because the Marks are generic or, alternatively, merely descriptive.

54.     Plaintiff committed fraud on the USPTO in her applications to register the terms **DBT** and **DIALECTICAL BEHAVIOR THERAPY** by knowingly making false representations to the USPTO with intent to deceive. Those false representations were material and were relied upon by the examiner in issuing U.S. Trademark Registration No. 4,204,315 and in publishing U.S. Trademark Application No. 86,539,349 for opposition.

55.     Despite Plaintiff's knowledge that tens of thousands of therapists and educators use the terms "dialectical behavior therapy" and "DBT" to describe their services, Plaintiff singled out Dr. Pederson, commencing this action against him in bad faith and for the purpose of harassing and oppressing Dr. Pederson and his business interests.

56.     Plaintiff's claims are barred by the doctrine of unclean hands.

57.     Plaintiff's claims are barred by laches.

58.     Plaintiff's claims are barred by the doctrine of acquiescence.

59.     Plaintiff's claims are barred by the doctrines of estoppel and waiver.

60.     Plaintiff would be unjustly enriched if allowed to recover on the claims asserted in the Complaint.

61.     Plaintiff failed to mitigate her damages.  Despite Plaintiff's knowledge, for a period of many years, of the facts upon which her claims rely, Plaintiff, up until the day this lawsuit was commenced, failed to make Defendants aware of her concerns and claims, failed to

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

1    request that Defendants cease and desist from the acts now complained of and failed to take any

2    action to mitigate her damages.

3       62.    Plaintiff's causes of action may be barred by any and all of the affirmative

4    defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, which are

5    incorporated herein.

6       63.    Defendants reserve the right to amend and supplement this Answer and to reply

7    upon affirmative and other defenses revealed in the course of investigation and discovery in this

8    action.

9                                    **COUNTERCLAIM**

10      Lane Pederson ("Dr. Pederson"), as and for his Counterclaim against Counter-defendant

11   Marsha M. Linehan ("Counter-defendant"), states as follows:

12                          **PARTIES, JURISDICTION, AND VENUE**

13      1.    Dr. Pederson is an individual who resides in the state of Minnesota.

14      2.    Upon information and belief, Counter-defendant is an individual who resides in

15   the State of Washington.

16      3.    This counterclaim arises out of the Complaint, which alleges violations of and

17   seeks remedies under federal trademark law and the Washington Consumer Protection Act.

18      4.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331

19   and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In

20   addition, the Court has jurisdiction over the counterclaim seeking cancellation of a trademark in

21   an action involving the registration of that trademark and opposing registration of a trademark

22   pursuant to 15 U.S.C. § 1119.

23      5.    The Court has personal jurisdiction over Counter-defendant because she resides in

24   the state of Washington.

25      6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2).

26

ANSWER AND COUNTERCLAIM (No. 2:17-
cv-01494 RSL) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

### FACTS

7.      Dr. Pederson is a well-known, well-respected dialectical behavior therapy practitioner and educator. He has written several books on dialectical behavior therapy, which is commonly known by its associated acronym DBT, including:  THE EXPANDED DIALECTICAL BEHAVIOR THERAPY SKILLS TRAINING MANUAL, 2ND EDITION (PPM, 2017); DIALECTICAL BEHAVIOR THERAPY: A CONTEMPORARY GUIDE FOR PRACTITIONERS (Wiley, 2015); DIALECTICAL BEHAVIOR THERAPY SKILLS TRAINING IN INTEGRATED DUAL DISORDER TREATMENT SETTINGS (PPM, 2013).

8.      Dr. Pederson has been conducting seminars on DBT since 2003 and has provided consulting and training on DBT to over 10,000 mental health professionals throughout the United States, Australia, Canada, Mexico, South Africa and the Middle East. Dr. Pederson has provided DBT services to such notable organizations as the American Psychological Association, the Federal Bureau of Prisons, the United States Navy, and Walter Reed Hospital, among others.

9.      Dr. Pederson is co-owner of Mental Health Systems, P.C. ("MHS"), a Minnesota corporation that, since 2002, has provided dialectical behavior therapy (DBT) for clients with many different types of mental and chemical health conditions and provides education and training services to individuals and groups in the practice of DBT. MHS adherent-based DBT practice is certified by the Minnesota Department of Human Services.

10.      In 2010, Dr. Pederson co-founded Cognitive and Behavioral Specialties ("CBS"), the first active, national organization for dialectical behavior therapy (DBT) providers and programs. CBS is the owner of Registration No. 4,099,711 for the mark DBTNCAA, filed May 25, 2010, and issued February 14, 2012, and Registration No. 4,214,437 for the mark DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATION & DESIGN (which disclaims the descriptive words "dialectical behavior therapy"), filed May 25, 2010, and issued September 25, 2012. Both marks

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

are registered as certification marks used by CBS since 2011 to certify therapists who have fulfilled certain standards of education, training, and practice in the field of dialectical behavior therapy (DBT). CBS had more than 1,700 members and 229 DBT certified therapists from the United States, Canada and Australia.

11.     Dr. Pederson is an independent contractor for PESI, Inc. ("PESI"), a Wisconsin non-profit corporation offering training, continuing education, publications, and conferences on DBT to mental health professionals nationwide.

12.     Dr. Pederson, along with tens of thousands of therapists nationwide and internationally, use the term DBT as the generic name for an increasingly popular form of psychological therapy, known as dialectical behavior therapy, and use the acronym generically in connection with training and educating practitioners in the practice of DBT, as well as in developing and promoting DBT programs and authoring and in publishing books, articles, and training materials concerning DBT.

13.     In addition to the tens of thousands of therapists providing DBT, many other organizations and individuals, use the term DBT as the generic name for a type of therapy known as dialectical behavior therapy, including but not limited to physicians, healthcare clinics, hospitals, insurance providers, universities, authors, researchers, training organizations and governmental agencies of several states. The relevant public has come to know and recognize dialectical behavior therapy, or DBT, as a generic category of therapy used to treat a wide range of mental and chemical health conditions.

14.     In prosecuting applications for federal trademarks, Counter-defendant owed and continues to owe the USPTO a continuing duty of good faith and candor.

### U.S. Trademark Application Serial No. 78,655,056

15.     On July 29, 1998, Counter-defendant founded the Marie Institute of Behavioral Technology, now known as The Linehan Institute. On December 27, 2002, Counter-defendant founded Behavioral Tech, LLC ("Behavioral Tech"), for the purpose of training practitioners in

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

dialectical behavior therapy (DBT). The Linehan Institute is Behavioral Tech's sole member. Counter-defendant purportedly "allowed" The Linehan Institute and Behavioral Tech to use the terms "dialectical behavioral therapy" and "DBT."

16.     On June 21, 2005, Behavioral Tech filed U.S. Trademark Application No. 78,655,056 to register the mark **DIALECTICAL BEHAVIOR THERAPY INTENSIVE TRAINING** (standard character mark) under Section 1(a) and 2(f) of the Lanham Act, 15 U.S.C. § 1051(a), claiming a date of first use at least as early as March 29, 1992. The application covered "Consultation and training for mental health systems and professionals" in International Class 44. Applicant Behavioral Tech claimed acquired distinctiveness in the mark based on "substantially exclusive and continuous use of the mark for at least five years immediately before the date of this statement." At that time, Counter-defendant knew that she had not made substantially exclusive use of the term "dialectical behavior therapy."

17.     In an Office Action issued on January 18, 2006, U.S. Trademark Application No. 78,655,056 was refused under Section (e)(1) of the Lanham Act as being "highly descriptive of the goods and/or services." Behavioral Tech was advised by the trademark examiner that "[a]dditional evidence is needed to support the claim of distinctiveness. Applicant's allegation of five years' use alone is insufficient evidence of distinctiveness in this case because applicant's mark is highly descriptive of the goods and/or services."

18.     After Behavioral Tech failed to respond to the Office Action, the USPTO issue a Notice of Abandonment on August 17, 2006.

### U.S. Trademark Registration No. 4,204,315

19.     Counter-defendant claims trademark rights in the mark **DBT**, as shown in U.S. Trademark Registration No. 4,204,315.

20.     On October 26, 2010, Counter-defendant applied to register the mark **DBT** (standard character mark) under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), in International Class 41 for "Educational services, namely, conducting classes, seminars,

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

1   workshops and conferences in the field of clinical psychology and distribution of training and

2   course materials in connection therewith," and in International Class 44 for "Psychotherapy

3   services; research and development of treatments in the field of clinical psychology; providing

4   scientific information in the field of clinical trials." Counter-defendant claimed use of the mark

5   since at least as early as March 31, 1993.

6       21.    Counter-defendant's application to register the mark **DBT** was refused under

7   Section 2(e)(1) of the Lanham Act as being merely descriptive of the services. In addition, the

8   examiner noted that the applied-for mark "appears to be generic in connection with the identified

9   services and, therefore, incapable of functioning as a source-identifier for applicant's services."

10  After Counter-defendant failed to respond to the Office Action, the USPTO issued a Notice of

11  Abandonment. On September 2, 2011, Counter-defendant filed a Petition to Revive, which was

12  granted on November 3, 2011, setting a new deadline of May 3, 2012, to respond to the Office

13  Action.

14      22.    On May 4, 2012, one day after the due date for the response, Counter-defendant

15  responded to the Office Action, claiming that she was responding to the office action issued on

16  November 4, 2011, arguing:

17          a.    that the mark **DBT** is not merely descriptive because "DBT" does not

18      describe the services covered by the application;

19          b.    that the term "DBT" stands for "dialectical behavior therapy" and that

20      dialectical behavior therapy "remains specific to Dr. Linehan's groundbreaking therapy";

21          c.    that the term "DBT" is "nothing more than three letters"; and

22          d.    that the term "DBT" "does not serve as the common name of the services

23      with which the Mark is associated."

24  At that time, Counter-defendant knew that the term "DBT" was commonly used by tens of

25  thousands of individuals and organizations in the United States and internationally to describe a

26  type of therapy commonly known as "dialectical behavior therapy." She herself used the term

ANSWER AND COUNTERCLAIM (No. 2:17-
cv-01494 RSL) –13

137712602.1

DBT throughout the response in place of the words "dialectical behavioral therapy." In making such materially false representations, Counter-defendant breached her duty to good faith and candor and acted with intent to deceive.

23.     Inexplicably, despite that Counter-defendant's response was filed one day past the statutory deadline, the USPTO accepted the response. In reliance on Counter-defendant's materially false representations, the USPTO published the mark **DBT** for opposition in the *Official Gazette* on June 26, 2012.

24.     On September 11, 2012, the mark **DBT** was registered, as shown by Registration No. 4,204,315.

### U.S. Trademark Application Serial No. 86,539,349

25.     On February 19, 2015, Counter-defendant filed U.S. Trademark Application No. 86,539,349 to register the purported mark **DIALECTICAL BEHAVIOR THERAPY** (standard character mark) for "Educational services, namely conducting classes, seminars, workshops and conferences in the field of clinical psychology and distribution of training and course materials in connection therewith." Counter-defendant filed the application under Section 1(a) of the Lanham Act, claiming use of the mark in commerce since "at least as early as" March 31, 1993.

26.     The USPTO refused Application No. 86,539,349 under Section 2(e) of the Lanham Act as being merely descriptive of Counter-defendant's services. On September 15, 2015, Counter-defendant responded to the refusal, representing:

a.     that the term "dialectical behavior therapy" "remains specific to Dr. Linehan's groundbreaking therapy"; and

b.     that, "[w]ithout conceding that the mark is descriptive, . . . the mark has become distinctive of Applicant's goods or services through the Applicant's (and licensees') substantially exclusive and continuous use in commerce for at least five years immediately before the date of this statement."

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

At that time, Counter-defendant knew that she had not made substantially exclusive use of the term "dialectical behavior therapy" and that the term "dialectical behavior therapy" was commonly used by tens of thousands of individuals and organizations in the United States and internationally to describe a type of cognitive behavior therapy.

27.     In a second Office Action issued on September 18, 2015, the USPTO maintained its refusal of U.S. Trademark Application No. 86,539,349 under Section 2(e) of the Lanham Act and informed Counter-defendant that, if she intended to make a claim of acquired distinctiveness under Section 2(f), she must amend the application to enter the required statement of distinctiveness in the mark and that she must verify this statement with an affidavit or signed declaration under 37 C.F.R. § 2.20.

28.     On March 18, 2016, Counter-defendant amended her application to include a claim of acquired distinctiveness under Section 2(f) of the Lanham Act, again representing "substantially exclusive and continuous use of the mark [**DIALECTICAL BEHAVIOR THERAPY**] in commerce . . . for at least five years immediately before the date of this statement." Counter-defendant did not verify the statement with an affidavit or signed declaration, as required by 37 C.F.R. § 2.20 and as instructed by the examiner. Instead, Counter-defendant's counsel "elected not to submit the signed declaration" purportedly because counsel believed "that no supporting declaration is required under the *Trademark Rules of Practice*."

29.     At the time that Counter-defendant made the claim of acquired distinctiveness with respect to U.S. Trademark Application No. 86,539,349, Counter-defendant knew that she had not made substantially exclusive use of the term "dialectical behavior therapy" and that the term "dialectical behavior therapy" was commonly used by tens of thousands of individuals and organizations in the United States and internationally to describe a type of cognitive behavior therapy. In making the materially false representation of acquired distinctiveness, Counter-defendant breached her duty of good faith and candor and acted with intent to deceive.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

30.     In reliance on Counter-defendant's materially false representation of acquired distinctiveness, the mark **DIALECTICAL BEHAVIOR THERAPY** was published for opposition in the *Official Gazette* on May 17, 2016.

31.     The registration of the mark **DBT** affords Counter-defendant a *prima facie* exclusive right to use the mark for the services identified in the application. If the registration is not cancelled and if U.S. Application No. 86,539,349 for the purported mark **DIALECTICAL BEHAVIOR THERAPY** is not refused, Dr. Pederson and tens of thousands of others will be damaged because there will be a doubt as to their ability to use the terms, "dialectical behavior therapy" and its commonly known associated acronym DBT, as the terms have been used for many years, to describe the dialectical behavior therapy (DBT) services and the associated training, research, and educational services offered by Dr. Pederson and others throughout the United States and internationally.  If this Court does not grant the relief sought herein, Counter-defendants' actions, undertaken for Counter-defendant's own personal financial gain, will cause severe and irreparable harm to Defendants and the public at large by preventing or stifling the ability of psychologists, physicians, healthcare clinics, hospitals, insurance providers, universities, authors, researchers, training organizations and governmental agencies from providing and accessing dialectical behavior therapy services, commonly known as DBT services, from conducting necessary and appropriate training and education relating thereto and from advancing the science of psychology to the detriment of patients and the public good.

## COUNT I

### Cancellation of U.S. Trademark Registration No. 4,204,315 – Genericness

### (15 U.S.C. §§ 1064 and 1119)

32.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

33.     The mark **DBT** is incapable of distinguishing Counter-defendant's services from the services of others, because Dr. Pederson and others for many years have used and continue to

ANSWER AND COUNTERCLAIM (No. 2:17-
cv-01494 RSL) –16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

use and have the right to use the term DBT generically as the acronym for the generic term dialectical behavior therapy. The acronym DBT has no separate meaning apart from the underlying term dialectical behavior therapy and, in the context of mental health services, is commonly understood to mean dialectical behavior therapy.

34.     A generic mark cannot be registered under any circumstances.

35.     The continuing registration of the mark **DBT** threatens damage and injury to Dr. Pederson, his clients, his patients, and others who use and have a right to use DBT to describe their services.

36.     Dr. Pederson is entitled to cancellation of U.S. Trademark Registration No. 4,204,315 based upon genericness.

## COUNT II

**Cancellation of U.S. Trademark Registration No. 4,204,315 – Mere Descriptiveness**

**(15 U.S.C. §§ 1052(e), 1115, and 1119)**

37.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

38.     If the mark **DBT** is not deemed to be generic, it is merely descriptive of the services and is incapable of acquiring secondary meaning, as Counter-defendant cannot show substantial exclusivity of use.

39.     The continuing registration of the mark **DBT** threatens damage and injury to Dr. Pederson, his clients, his patients, and others who use and have a right to use DBT to describe their services.

40.     Dr. Pederson is entitled to cancellation of U.S. Trademark Registration No. 4,204,315 based upon mere descriptiveness.

## COUNT III

**Cancellation of U.S. Trademark Registration No. 4,204,315 – Abandonment**

**(15 U.S.C. §§ 1115 and 1119)**

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

41.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

42.     To the extent Counter-defendant ever had any rights in the term DBT, she abandoned such rights by failing to properly use the term as a trademark or service mark, by failing to police use of the mark by third parties to prevent the erosion of distinctiveness, and by failing to control the quality of goods and services offered by other parties under the term DBT.

43.     The continuing registration of the mark **DBT** threatens damage and injury to Dr. Pederson, his clients, his patients, and others who use and have a right to use DBT to describe their services.

44.     Dr. Pederson is entitled to cancellation of U.S. Trademark Registration No. 4,204,315 based upon abandonment.

## COUNT IV

### Cancellation of U.S. Trademark Registration No. 4,204,315 – Fraud on the USPTO
### (15 U.S.C. §§ 1115, 1119, 1120)

45.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

46.     In prosecuting her application to register the mark **DBT**, Counter-defendant made materially false representations to the USPTO. At that time, Counter-defendant knew that her representations were false.

47.     Based on the foregoing, Counter-defendant could not possibly have had a good faith belief that she made "substantially exclusive" use of the term "DBT" in connection with the covered services in the five years before making her claim of acquired distinctiveness in March 2016. In making the materially false representations, Counter-defendant breached her duty of good faith and candor and acted with the intent to deceive.

48.     In reliance on Counter-defendant's materially false representations, the mark **DBT** was registered, as shown by Registration No. 4204315.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

137712602.1

49.     Based on the foregoing, Counter-defendant committed a fraud on the USPTO.

50.     The continuing registration of the mark **DBT** threatens damage and injury to Dr. Pederson, his clients, his patients, and others who use and have a right to use DBT to describe their services.

51.     Dr. Pederson is entitled to cancellation of U.S. Trademark Registration No. 4,204,315 based upon Counter-defendant's fraud on the USPTO.

## COUNT V

### Opposition to Registration
### U.S. Trademark Application Serial No. 86,539,349 - Genericness
### (15 U.S.C. §§ 1063 and 1119)

52.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

53.     The purported mark **DIALECTICAL BEHAVIOR THERAPY** is incapable of distinguishing Counter-defendant's services from the services of others, because Dr. Pederson and others for many years have used and continue to use and have the right to use the term "dialectical behavior therapy" generically.

54.     A generic mark cannot be registered under any circumstances.

55.     If Counter-defendant is able to obtain registration for the purported mark **DIALECTICAL BEHAVIOR THERAPY**, Dr. Pederson and others will be damaged because there will be doubt as to their ability to use the term "dialectical behavior therapy" as it has been used for many years to describe the type of therapy services and the type of educational and training services offered by Dr. Pederson and others.

56.     Dr. Pederson is entitled to refusal of U.S. Trademark Application No. 86,539,349 based upon genericness.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

## COUNT VI

### Opposition to Registration
### U.S. Trademark Application Serial No. 86,539,349 – Mere Descriptiveness
### (15 U.S.C. §§ 1052(e), 1063, 1119)

57.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

58.     If the purported mark **DIALECTICAL BEHAVIOR THERAPY** is not deemed to be generic, it is merely descriptive of the services and is incapable of acquiring secondary meaning, as Counter-defendant cannot show substantial exclusivity of use.

59.     If Counter-defendant is able to obtain registration for the purported mark **DIALECTICAL BEHAVIOR THERAPY**, Dr. Pederson and others will be damaged because there will be doubt as to their ability to use the term "dialectical behavior therapy" as it has been used for many years to describe the type of therapy services and the type of educational and training services offered by Dr. Pederson and others.

60.     Dr. Pederson is entitled to refusal of U.S. Trademark Application No. 86,539,349 based upon mere descriptiveness.

## COUNT VII

### Opposition to Registration
### U.S. Trademark Application Serial No. 86,539,349 - Abandonment
### (15 U.S.C. §§ 1063 and 1119)

61.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

62.     To the extent Counter-defendant ever had any rights in the term dialectical behavior therapy, she has abandoned such rights by failing to use the term properly as a trademark or service mark, by failing to police use of the mark by third parties to prevent the erosion of distinctiveness, and by failing to control the quality of goods and services offered by other parties under the term "dialectical behavior therapy.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1

63. Counter-defendant thus abandoned any rights that she may have had to the purported mark **DIALECTICAL BEHAVIOR THERAPY** due to a course of conduct that has caused the purported mark to lose significance as an indication of source.

64. If Counter-defendant is able to obtain registration for the purported mark **DIALECTICAL BEHAVIOR THERAPY**, Dr. Pederson and others will be damaged because there will be doubt as to their ability to use the term "dialectical behavior therapy" as it has been used for many years to describe the type of therapy services and the type of educational and training services offered by Dr. Pederson and others.

65. Dr. Pederson is entitled to refusal of U.S. Trademark Application No. 86,539,349 based upon abandonment.

## COUNT VIII

**Opposition to Registration**
**U.S. Trademark Application Serial No. 86,539,349 – Fraud on the USPTO**

**(15 U.S.C. §§ 1063 and 1119)**

66. Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

67. Counter-defendant willfully made a false statement in asserting acquired distinctiveness by claiming (without the required declaration under Section 2(f) of the Lanham Act) that the purported mark **DIALECTICAL BEHAVIOR THERAPY** "has become distinctive of the goods and/or services through Counter-defendant's substantially exclusive and continuous use of the mark in commerce ... for at least five years immediately before the date of this statement."

68. Counter-defendant knowingly made a false representation to the USPTO. Counter-defendant has personal knowledge of the use of the term "dialectical behavior therapy" by tens of thousands of other practitioners and educators, including Dr. Pederson, many of which have been trained by the Counter-defendant to practice dialectical behavior therapy without

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

137712602.1

restriction or license. Counter-defendant also had constructive notice of CBS's U.S. Registration No. 4,214,437 for a substantially similar mark covering substantially similar services. Thus, Counter-defendant could not possibly have had a good faith belief that she made "substantially exclusive" use of the term "dialectical behavior therapy" in connection with the covered services in the five years before making her claim of acquired distinctiveness in March 2016, as claimed by Counter-defendant in U.S. Trademark Application No. 86,539,349 and in argument in response to the USPTO's Office Actions.

69.     Counter-defendant's false representation to the USTPO concerns a fact material to a determination of acquired distinctiveness under Section 2(f) of the Lanham Act. The USPTO relied on Counter-defendant's false representation in publishing the purported mark **DIALECTICAL BEHAVIOR THERAPY** for opposition.

70.     Based on the foregoing, Counter-defendant committed a fraud on the USPTO.

71.     If Counter-defendant is able to obtain registration for the purported mark DIALECTICAL BEHAVIOR THERAPY, Dr. Pederson and others will be damaged because there will be doubt as to their ability to use the term "dialectical behavior therapy" as it has been used for many years to describe the type of therapy services and the type of educational and training services offered by Dr. Pederson and others.

72.     Dr. Pederson is entitled to refusal of U.S. Trademark Application No. 86,539,349 based upon Counter-defendant's fraud on the USPTO.

## COUNT IX

### Declaration of Non-Infringement

### (28 U.S.C. §§ 2201, 2202)

73.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

74.     In each instance in which Dr. Pederson used the terms "dialectical behavior therapy" and "DBT," he did so solely as generic terms or, alternatively, for descriptive purposes.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –22

137712602.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

75.     In her Complaint, Counter-defendant alleges that Dr. Pederson's generic or descriptive use of the terms "dialectical behavior therapy" and "DBT" constitutes trademark infringement, false designation of origin, false endorsement, and unfair competition under the Washington Consumer Protection Act. Dr. Pederson denies the allegations.

76.     Based on the foregoing, an actual controversy exists between the parties as to Dr. Pederson's rights to use the terms "dialectical behavior therapy" and "DBT."

77.     Dr. Pederson is entitled to a declaratory judgment that use of the terms "DBT" and "dialectical behavior therapy" does not infringe upon any trademark rights of the Counter-defendant.

## COUNT X

### Abuse of Process

78.     Dr. Pederson realleges the preceding allegations of the Counterclaim and incorporates the same herein by reference.

79.     Despite Counter-defendant's personal knowledge that tens of thousands of practitioners and educators use the terms "dialectical behavior therapy" and "DBT," she commenced this trademark infringement action against Dr. Pederson out of personal animus and in bad faith.

80.     The claims asserted by Counter-defendant against Dr. Pederson are objectively baseless. Counter-defendant nevertheless persists in abusive litigation for the purpose of harassing and oppressing Dr. Pederson and his business interests.

81.     Based on the foregoing, this is an exceptional case under the Lanham Act, warranting an award of reasonable attorney fees to Dr. Pederson pursuant to 15 U.S.C. § 1117.

## REQUEST FOR RELIEF

WHEREFORE, Dr. Pederson and CBS respectfully request that the Court enter judgment in their favor as follows:

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –23

137712602.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1       a.      That the Complaint and each and every purported claim for relief therein be

2  dismissed with prejudice;

3       b.      That the Court issue an order to the USPTO cancelling U.S. Trademark

4  Registration No. 4,204,315;

5       c.      That the Court issue an order to the USPTO refusing U.S. Trademark Application

6  Serial No. 86,539,349;

7       d.      That the Court issue a declaration that Dr. Pederson's use of the terms "dialectical

8  behavior therapy" and "DBT" does not infringe upon any valid trademark of Counter-defendant.

9       e.      That Plaintiff/Counter-defendant is liable to Dr. Pederson pursuant to U.S.C.

10  § 1120;

11       f.      That the Court determine that this is an exceptional case under 15 U.S.C. § 1117

12  and award Dr. Pederson his reasonable attorney fees incurred in connection with this action;

13       g.      For an award of costs and disbursements; and

14       h.      For such other and further relief as the Court deems just and equitable.

ANSWER AND COUNTERCLAIM (No. 2:17-cv-01494 RSL) –24

137712602.1

DATED:  November 21, 2017

PERKINS COIE LLP
By:   s/William C. Rava
William C. Rava, WSBA No. 29948
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
WRava@perkinscoie.com
Telephone:  206.359.8000
Facsimile:  206.359.9000

**MOSS & BARNETT**
David P. Jendrzejek, (admitted *pro hac vice*)
Terese A. West (admitted *pro hac vice*)
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402
David.Jendrzejek@lawmoss.com
West@lawmoss.com
Telephone:  612.877.5000
Facsimile:  612.877.5999

Attorneys for Defendants
Lane Pederson and Cognitive and Behavioral
Specialties d/b/a Dialectical Behavior Therapy
National Certification and Accreditation Association

ANSWER AND COUNTERCLAIM (No. 2:17-
cv-01494 RSL) –25

137712602.1

1

**CERTIFICATE OF SERVICE**

2        I certify under penalty of perjury that on November 21, 2017, I electronically filed the

3   foregoing ANSWER AND COUNTERCLAIM with the Clerk of the Court using the CM/ECF

4   system, which will send notification of such filing to all counsel of record.

5        DATED this 21st day of November, 2017.

6                                              s/ William C. Rava
                                              William C. Rava
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER AND COUNTERCLAIM (No. 2:17-
cv-01494 RSL) –26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

137712602.1