THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MARSHA LINEHAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LANE PEDERSON, an individual; COGNITIVE AND BEHAVIORAL SPECIALTIES d/b/a DIALECTICAL BEHAVIOR THERAPY NATIONAL CERTIFICATION AND ACCREDITATION ASSOCIATION, a Minnesota non-profit corporation; LANE PEDERSON & ASSOCIATES, LLC, a Minnesota limited liability company; EVERGREEN CERTIFICATIONS, LLC, d/b/a EVERGREEN CERTIFICATIONS INSTITUTE, a Wisconsin limited liability company; and PESI, Inc., a Wisconsin non-stock corporation,<br><br>Defendants. | Case No. 2:17-cv-01494-RSL<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER - 1
CASE NO. 2:17-CV-01494-RSL

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 30 days after entry of the subjoined order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER - 2
CASE NO. 2:17-CV-01494-RSL

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

   f. Server, system or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D. Privilege**

1. With respect to privileged or work-product information generated after the

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER - 3
CASE NO. 2:17-CV-01494-RSL

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

filing of the related consolidated proceedings before the Trademark Trial and Appeal Board, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

E. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.
In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER - 4
CASE NO. 2:17-CV-01494-RSL

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

or agreement of the parties.

  c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.

  d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

 3. Format. The parties agree that ESI will be produced to the requesting party with searchable text, in single-page TIFFs (with Concordance load files that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files). Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

 4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

 5. Metadata fields. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER - 5
CASE NO. 2:17-CV-01494-RSL

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

Dated: September 4, 2018

CAIRNCROSS & HEMPELMANN, P.S.

By:  s/ Ana-Maria Popp
    Ana-Maria Popp, WSBA No. 39614
    Jeff Nelson, WSBA No. 44570
    Binah B. Yeung, WSBA No. 44065
    524 Second Avenue, Suite 500
    Seattle, WA 98104-2323
    apopp@cairncross.com
    jnelson@cairncross.com
    byeung@cairncross.com
    Telephone: 206.587.0700
    Facsimile: 206.587.2308

GOLDFARB &HUCK ROTH RIOJAS, PLLC

By: s/ Kit W. Roth
    Christopher M. Huck, WSBA No. 34104
    Kit W. Roth, WSBA No. 33059
    R. Omar Riojas, WSBA No. 35400
    925 Fourth Avenue, Suite 3950
    Seattle, WA 98104
    huck@goldfarb-huck.com
    roth@goldfarb-huck.com
    riojas@goldfarb-huck.com
    Telephone: 206.452.0260
    Facsimile: 206.397.3062

Attorneys for Plaintiff Marsha Linehan

PERKINS COIE LLP

By:  s/ William C. Rava
    William C. Rava, WSBA No. 29948
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    WRava@perkinscoie.com
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

MOSS & BARNETT

By:  s/ Terese A. West
    David P. Jendrzejek, (*pro hac vice*)
    Terese A. West (*pro hac vice*)
    150 South Fifth Street, Suite 1200
    Minneapolis, MN 55402
    David.Jendrzejek@lawmoss.com
    West@lawmoss.com
    Telephone: 612.877.5000
    Facsimile: 612.877.5999

Attorneys for Defendants Lane Pederson; Cognitive and Behavioral Specialties d/b/a Dialectical Behavior Therapy National Certification and Accreditation Association; and Lane Pederson & Associates, LLC

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: September 6, 2018

_____
The Honorable Robert S. Lasnik
UNITED STATES DISTRICT JUDGE

AGREEMENT RE DISCOVERY ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER - 6
CASE NO. 2:17-CV-01494-RSL

GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260